UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELBERT PAULINO,<br><br>            Plaintiff,<br><br>       v.<br><br>KRISS TODD, et. al.,<br><br>            Defendants.<br>_____/ | CV F   04 6597 OWW LJO P<br><br>ORDER DISMISSING WITH LEAVE TO AMEND COMPLAINT (Doc. 1.) |

Delbert Paulino ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

**A. SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. SUMMARY OF COMPLAINT**

Plaintiff lists five separate causes of action each discussing separate events and defendants.  First, Plaintiff alleges that Defendants Alvord and Hoppe made a mental health diagnosis without having meeting or speaking with Plaintiff and thus, the diagnosis was incorrect. (Complaint at. 4.)

Plaintiff next alleges that Defendant Muth and Todd conspired to deny Plaintiff his right to practice his religion.  Plaintiff states that, under Defendant Todd's Orders, he was required to cut his hair.  Plaintiff spoke with Defendant Muth who informed him he had to enforce this policy.  Plaintiff states he entered into a written contract to cut his hair on the condition he could send it home.  Plaintiff ultimately cut his hair but his hair was discarded.  Plaintiff states that having to cut his hair burdens the practice of his religion.

Plaintiff complains that Defendants Bryant violated his rights by opening legal mail from his attorney.  Plaintiff states that this conduct prejudiced him because he was litigating his criminal action and needed to be in "constant contact with his attorneys."  Plaintiff also alleges that Defendant Anastecio was the supervising Sergeant of the mailroom who told Plaintiff that no harm or prejudice occurred from the error in opening his legal mail and her position is misplaced.

Plaintiff's last allegation is against Defendants Adkinson and Wilson.  Plaintiff contends that he was told to inventory and pack up his property for a transfer however, the transfer was in error and when Plaintiff opened his property box, he learned that two items were missing. Plaintiff holds Defendants Adkinson and Wilson responsible.

**C. CLAIMS FOR RELIEF**

   *1. Linkage Requirement*

   The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

   In this case, Plaintiff's Complaint links every named Defendant to some act or omission that he believes constitutes a constitutional violation. However, he fails to link Defendants McDill and Johnson to any act or omission. As such, the Complaint fails to state a claim against either of these Defendants.

   *2. Eighth Amendment*

   A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (*citing* Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a

3

"sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), *citing* Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), *overruled on other grounds,* WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

In this case, Plaintiff complains that Defendant's Alvord and Hoppe "misdiagnosed" him. Complaint at 4. Other than his conclusory allegation, Plaintiff alleges no facts sufficient to state a cognizable Eighth Amendment medical claim. As noted above, misdiagnosis, negligence or medical malpractice does not state a cognizable Eighth Amendment claim for relief. Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), *overruled on other grounds*, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (*en banc*).

### *3. First Amendment Religious Freedom*

The First Amendment to the United States Constitution provides that Congress shall make no law respecting the establishment of religion, or prohibiting the free exercise thereof. U.S. Const., amend. I. The United States Supreme Court has held that prisoners retain their First

Amendment rights, including the right to free exercise of religion. <u>O'Lone v. Estate of Shabazz</u>, 482 U.S. 342, 348 (1987). The Court has also recognized that limitations on a prisoner's free exercise rights arise from both the fact of incarceration and from valid penological objectives. <u>Id</u>.; <u>McElyea v. Babbit</u>, 833 F. 2d 196, 197 (9th Cir. 1987).

Prison regulations alleged to infringe on the religious exercise right must be evaluated under the "reasonableness" test set forth in <u>Turner v. Safley</u>, 482 U.S. 78, 89-91 (1987). <u>O'Lone</u>, 382 U.S. at 349; <u>Freeman v. Arpaio</u>,125 F.3d 732, 736 (9th Cir. 1997) (recognizing that the United States Supreme Court's recent decision in <u>City of Boerne v. P.F. Flores</u>, 521 U.S. 507 (1997), invalidated the Religious Freedom Restoration Act and restored the "reasonableness test" as the applicable standard in free exercise challenges brought by prison inmates).

In determining the reasonableness of a challenged restriction on First Amendment rights, the court considers four factors. First, there must be a valid, rational connection between the prison regulation and the legitimate government interest put forward to justify it, and the governmental objective must itself be a legitimate and neutral one. A second consideration is whether alternative means of exercising the right on which the regulation impinges remain open to prison inmates. A third consideration is the impact accommodation of the asserted right will have on guards, other inmates, and the allocation of prison resources. Finally, the absence of ready alternatives is evidence of the reasonableness of a prison regulation. <u>Allen v. Toombs</u>, 827 F.2d 563, 567 (9th Cir. 1987) (*citing* <u>Turner v. Safley</u>, 482 U.S. at 89-91). "In order to establish a free exercise violation, [plaintiff] must show the defendants burdened the practice of his religion by preventing him from engaging in conduct mandated by his faith." <u>Freeman</u> at 736.

Plaintiff has adequately alleged that being forced to cut his hair burdened the practice of his religion. Accordingly, Plaintiff states a cognizable First Amendment claim against Defendants Muth and Todd.

### 4. *Mail Interference*

Prisoners enjoy a First Amendment right to send and receive mail. See <u>Witherow v. Paff</u>, 52 F.3d 264, 265 (9th Cir.1995) (*citing* <u>Thornburgh v. Abbott</u>, 490 U.S. 401, 407 (1989)). But a prison may adopt regulations or practices which impinge on a prisoner's First Amendment rights

5

1  as long as the regulations are "reasonably related to legitimate penological interests." See Turner
2  v. Safley, 482 U.S. 78, 89 (1987).  The Turner standard applies to regulations and practices
3  concerning all correspondence between prisoners and to regulations concerning incoming mail
4  received by prisoners from non-prisoners. See Thornburgh, 490 U.S. at 413. The inspection for
5  contraband of non-legal mail does not violate a prisoner's constitutional rights. See Witherow, 52
6  F.3d at 265-66 (upholding inspection of outgoing mail); Smith v. Boyd, 945 F.2d 1041, 1043
7  (8th Cir.1991) (upholding inspection of incoming mail); Gaines v. Lane, 790 F.2d 1299, 1304
8  (7th Cir.1986) (upholding inspection of outgoing and incoming mail).  Legal mail must be
9  treated more cautiously, but prison officials may institute procedures for inspecting "legal mail,"
10 e.g., mail sent between attorneys and prisoners, see Wolff v. McDonnell, 418 U.S. 539, 576-77
11 (1974) (incoming mail from attorneys).  The opening and inspecting of "legal mail" outside the
12 presence of the prisoner may have an impermissible "chilling" effect on the constitutional right to
13 petition the government. See O'Keefe v. Van Boening, 82 F.3d 322, 327 (9th Cir.1996) (*citing*
14 Lair v. Taum, 408 U.S. 1, 11 (1972)); *but cf.* Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir.1996),
15 *amended,* 135 F.3d 1318 (9th Cir.1998) (prison officials may open and inspect mail to prisoner
16 from courts outside prisoner's presence because mail from courts is not "legal mail"); Royse v.
17 Superior Court, 779 F.2d 573, 574-75 (9th Cir.1986) (mail from prisoners to court).

18     In this case, Plaintiff alleges that Defendant Bryant opened mail which was marked "legal
19 mail" and was from his criminal attorney.  Complaint at 8-9.  Plaintiff states that this prejudiced
20 him but other than this conclusory statement, he does not state how it prejudiced him.  Although
21 Plaintiff states a claim for relief against Defendant Bryant, Plaintiff may want to elaborate on the
22 prejudice suffered when he amends his Complaint so as to provide Defendants with sufficient
23 information regarding his allegation.

24     Plaintiff also names Anastecio as a Defendant with respect to his mail interference claim
25 but only because she was the supervising Sergeant who told Plaintiff that he was not harmed or
26 prejudiced by the incident.  Plaintiff's allegations against Defendant Anastecio are insufficient to
27 state a cognizable claims for relief.

28     Plaintiff also contends that he mailed out certain letters which were delayed in reaching

his attorney and also that his legal mail was discarded, however, Plaintiff does not link any named Defendant to these acts. Thus, they do not give rise to a constitutional claim for relief.

### 6. *Property Claims*

Plaintiff also alleges that when he was advised he was going to be transferred, Defendant Wilson inventoried and forwarded Plaintiff's personal property to Defendant Adkinson. When Plaintiff's property was returned to him, he discovered his eyeglasses and two personal books were missing.

"An unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987). Because a deprivation of the type alleged in Plaintiff's complaint is unauthorized, and because the state does provide a meaningful postdeprivation remedy, Plaintiff has not stated a cognizable procedural due process claim.

**D.  CONCLUSION AND ORDER**

The Court finds Plaintiff's Complaint states a cognizable First Amendment claim concerning the hair grooming policy and religious practice against Defendants Todd and Muth and a claim against Defendant Bryant for mail interference. However, the Complaint does not contain any other cognizable claims for relief against any of the Defendants. The Court will grant Plaintiff the opportunity to file an Amended Complaint to cure the deficiencies, or, in the alternative, notify the Court in writing whether Plaintiff intends to proceed directly with those claims found to be cognizable. Plaintiff should note that Local Rule 15-220 requires that an Amended Complaint be complete in itself without reference to prior pleadings.

In the event Plaintiff wishes to proceed on the cognizable claims, the Court will issue

Findings and Recommendations to dismiss those claims not cognizable. The Court will then forward Plaintiff a summons and USM-285 form to fill out and return to the Court in order to effect service on the Defendants. Upon the return of these forms, the Court will direct the US Marshal to initiate service of process on Defendants.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights complaint form;

2. The Complaint is DISMISSED with leave to amend. Within THIRTY (30) days from the date of service of this order, Plaintiff SHALL either:

   a. File an Amended Complaint curing the deficiencies identified by the Court in this Order, or

   b. Notify the Court in writing that he does not wish to file an Amended Complaint and instead wishes to proceed on the cognizable claims for relief set forth in this Order.

Plaintiff is forewarned that his failure to comply with this Order may result in a Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:     April 11, 2006                              /s/ Lawrence J. O'Neill**
b9ed48                                           UNITED STATES MAGISTRATE JUDGE